UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JEANETTE SHRODE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:06-cv-0089-RLY-WGH |
| | ) | |
| MARGARET HARGRAVES and | ) | |
| DEACONESS HEALTH SYSTEMS, INC., | ) | |
|     Defendants. | ) | |

**ENTRY ON (1) DEFENDANT, MARGARET HARGRAVES, MOTION TO SEVER CLAIMS BASED ON FRAUDULENT MISJOINDER; (2) PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND; and (3) MOTION OF DEFENDANT, DEACONESS HEALTH SYSTEMS, INC., TO REMAND**

Defendant, Margaret Hargraves, removed this case from the Vanderburgh Superior Court. Plaintiff filed an objection to removal and moves to remand this case back to state court. In a separately filed motion, Defendant, Deaconess Health Systems, Inc. ("Deaconess"), also moves to remand this case. For the reasons stated below, the court **GRANTS** Hargraves' motion to sever, and **GRANTS in part, and DENIES in part,** Plaintiff's and Deaconess' motion to remand.

**I.    Factual Background**

Plaintiff commenced this action in the Vanderburgh Superior Court by filing a Complaint for serious and permanent injuries against Deaconess. Plaintiff alleged that on August 2, 2004, while walking on Deaconess' premises, she stepped into a hole and sustained bodily injuries to her low back, hip, and knee. Both Plaintiff and Deaconess are

1

citizens of the state of Indiana.

On April 4, 2006, Plaintiff moved to amend her Complaint to add Defendant, Margaret Hargraves. Plaintiff alleges that on March 27, 2005, Hargraves ran a red light and hit Plaintiff's vehicle in Vanderburgh County. Plaintiff argued that the injuries she sustained in the August 2, 2004 incident aggravated many of the injuries she sustained seven (7) months earlier on Deaconess' property. On April 11, 2006, Judge Knight of the Vanderburgh Superior Court granted Plaintiff's motion to amend.

On May 26, 2006, Hargraves, a citizen of the state of Florida, filed a Notice of Removal on grounds that this court has diversity jurisdiction over Plaintiff's claim against her. *See* 28 U.S.C. § 1332. On that same day, Hargraves filed a motion to sever Plaintiff's claims against her and Deaconess on grounds of fraudulent misjoinder. On June 6, 2006, both Plaintiff and Deaconess filed motions to remand the entire case to state court.

**II.   Discussion**

The court will begin its discussion with Hargraves' motion to sever. In her motion, Hargraves contends that she and Deaconess were joined in the same action to destroy what would otherwise be this court's diversity jurisdiction over Plaintiff's claim against Hargraves. Hargraves bases her motion on the doctrine of fraudulent misjoinder.

The type of misjoinder actually alleged in Hargraves' motion is known as "procedural misjoinder." *Conk v. Richards & O'Neil, LLP*, 77 F.Supp.2d 956, 970-71 (S.D.Ind. 1999). Procedural misjoinder is defined as a plaintiff's "purposeful attempt to

defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Conk v. Richards & O'Neil, LLP*, 77 F.Supp.2d 956, 970-71 (S.D.Ind. 1999). In analyzing Plaintiff's claim, the court applies Indiana Trial Rule 20(A)(2). *Id.* at 971; *see also Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 260 F.Supp.2d 722, 728 (S.D.Ind. 2003).

Indiana Trial Rule 20(A)(2) provides: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Indiana courts apply the logical relationship test to the first prong of the permissive joinder standard. This means there must be a logical relationship between the claims of a lawsuit and the operative facts. *Conk*, 77 F.Supp.2d at 971.

In the present case, there is no logical relationship between the two accidents that gave rise to this litigation. The accidents were totally unrelated and independent of one another. The only commonality between the two incidents is that Plaintiff suffered injuries as a result of each incident. That, in and of itself, is insufficient to satisfy the logical relationship test. *See Grove v. Thomas*, 446 N.E.2d 641, 643 (Ind.Ct.App. 1983) ("Injury to the same person is not, standing alone, sufficient to satisfy the logical relationship test."). Hargraves' motion to sever is therefore **GRANTED**.

The court is left with two separate causes of action; one which involves citizens of

different states (Shrode v. Hargraves) and one which involves citizens of the same state (Shrode v. Deaconess). 28 U.S.C. § 1332 provides that the court has subject matter jurisdiction over Shrode v. Hargraves, so long as the jurisdictional amount is at least $75,000. In Hargraves' Notice of Removal, she alleges that the cause of action easily meets that threshold. Therefore, the court will retain that action. As for Shrode v. Deaconess, the court is without subject matter jurisdiction, and must therefore remand that case back to Vanderburgh Superior Court.

Both Plaintiff and Deaconess move to remand the entire case to state court. For the reasons stated above, the court must **GRANT in part**, and **DENY in part**, Plaintiff's and Deaconess' motions to remand.

### III. Conclusion

For the reasons stated above, the court **GRANTS** Hargraves' Motion to Sever Claims Based on Procedural Misjoinder (Docket # 4), and **GRANTS in part**, **and DENIES in part**, Plaintiff's Objection and Motion for Remand (Docket # 9), and Deaconess' Motion to Remand (Docket # 7). Shrode v. Deaconess is hereby **REMANDED** to the Vanderburgh Superior Court, Cause No. 82D03-0509-CT-3995.

**SO ORDERED** this 24th day of October 2006.

                                          RICHARD L. YOUNG, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Electronic Copies to:

Robert John
ROBERT JOHN & ASSOCIATES, PC
rnjohn@juno.com

Kase Leigh McCoy
KIGHTLINGER & GRAY
kmccoy@k-glaw.com

William E. Statham
STATHAM ALLEGA JESSEN & RUDISILL
saj@evansville.net

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com